**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| John Panico and Patricia Panico, | ) | Civil Action No.  2:25-cv-03181-DCN |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **JOINT ANSWERS TO LOCAL** |
| | ) | **RULE 26.03 INTERROGATORIES** |
| Joshua Marro, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The parties, by and through their respective undersigned counsel, hereby jointly answer the

Court's Local Civil Rule 26.03, D.S.C., Interrogatories as follows:

1.    A short statement of the facts of the case.

**RESPONSE: This action arises out of an automobile accident that took place on July 20, 2024 on I-95 northbound  near Walterboro, South Carolina, between the Plaintiffs and Defendant Joshua Marro.  As a result of the accident in question, Plaintiff alleges personal injuries and other damages.  Plaintiff alleges, among other things, negligence on the part of the Defendant.  Defendant dispute the Plaintiffs' allegations.**

2.    The names of fact witnesses likely to be called by the party and a brief summary of

their expected testimony.

**RESPONSE**:  **Potential fact witnesses that may be called by the party:**

   a.    **John Panico – Mr. Panico is the Plaintiff in this action and is expected to testify concerning his knowledge of and circumstances surrounding the accident in question and her resulting damages and medical treatment.**

   b.    **Patricia Panico – Ms. Panico is a Plaintiff in this action and is expected to testify concerning her knowledge of and circumstances surrounding the accident in question.**

   c.    **Joshua Marro – Mr. Marro is the Defendant in this action and is expected to testify concerning his knowledge of and circumstances surrounding the accident in question.**

d.      **Kaitlyn Marro – Ms. Marro is the wife of Mr. Marro and a passenger in the car, and is expected to testify concerning her knowledge of and circumstances surrounding the accident in question.**

d.      **Michell Bragg – Ms. Bragg was Unit #2 in the accident and is expected to testify concerning her knowledge of and circumstances surrounding the accident in question.**

c.      **Officer Alexander J. Gray – Officer Gray investigated the accident in question.  It is expected that he will testify as to his knowledge of and involvement in the accident in question, including, but not limited to, matters regarding his South Carolina Traffic Collision Report, his investigation, and his observations and findings.**

e.      **Medical personnel at Outer Banks Health Emergency Department who treated Plaintiff, Ms. Panico following the accident in question in this action are expected to testify concerning their treatment of Ms. Panico.**

f.      **Medical personnel at Hess Spinal & Medical Centers who treated Plaintiff, Ms. Panico following the accident in question in this action are expected to testify concerning their treatment of Ms. Panico.**

g.      **Medical personnel at Penn-Tampa Neurology & Sleep Medicine who treated Plaintiff, Ms. Panico following the accident in question in this action are expected to testify concerning their treatment of Ms. Panico.**

h.      **Medical personnel at Hands-On Orthopedics & Injury Center who treated Plaintiff, Ms. Panico following the accident in question in this action are expected to testify concerning their treatment of Ms. Panico.**

**All parties reserve the right to name and call any and all witnesses identified by the parties and discovered during the litigation of this action.**

3.      The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE: No experts have been identified at this time.  The parties reserve the right to do so at a later date and in accordance with the Court's Scheduling Order in place in this action.  The parties anticipate medical expert witnesses at this time.**

**PLAINTIFFS' RESPONSE: Plaintiffs intend to elicit expert testimony from some or all of Plaintiffs' treating doctors disclosed in their 26(a)(1) disclosures. Plaintiffs expect that their treating doctors will testify to their diagnosis of Plaintiffs' injuries, treatment of those**

**injuries, and any opinions regarding causation of Plaintiffs' injuries, permanence of Plaintiffs' injuries, necessity of future medical care, and the cost of that future medical care.**

4.      A summary of the claims or defenses with statutory and/or case citations supporting

the same.

**RESPONSE:  Plaintiff has asserted a claim of negligence against Defendant.  Plaintiff's claim will be based upon the statutory and decisional law of the State of South Carolina.**

**Defendant has asserted the following defenses, based upon the statutory and decisional law of the State of South Carolina and the United States:**

1.      **General denial;**
2.      **Failure to state facts sufficient to constitute a valid cause of action;**
3.      **Failure to state a cause of action;**
4.      **Failure to state a claim upon which relief can be granted;**
5.      **Sole negligence of Plaintiff;**
6.      **In the alternative, comparative negligence, or contributory negligence of Plaintiff;**
7.      **In the alternative, reduction in percentage of recovery due to Plaintiff's comparative negligence;**
8.      **In the alternative, sole negligence or intervening acts of a third party;**
9.      **Unavoidable accident and sudden emergency;**
10.     **Assumption of risk; and**
11.     **Unconstitutionality of punitive damages; bifurcation of punitive damages; and cap on punitive damages.**

**PLAINTIFFS' RESPONSE:**

**Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).**

**Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.,* 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).**

**Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and**

**scope of the employee's employment."** *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

**Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public."** *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

5.      Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

(b) Completion of discovery.

**RESPONSE:  See the attached Rule 26(f) Report and Amended Scheduling Order.**

6.      The parties shall inform the Court whether there are any special circumstances that would affect the time frames applied in preparing the scheduling order.

**RESPONSE: None known at this time.**

7.      The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**RESPONSE:  None known at this time.**

SIGNATURES ON FOLLOWING PAGE

MORGAN & MORGAN

*s/Cooper Klaadmeyer*

Kelsey H. Saalman, Esquire Fed. ID No.
Cooper Klaasmeyer, Esquire Fed. ID No. 14272
4401 Belle Oaks Dr., Ste 300 North Charleston, SC 29405
Office: (843) 973-5180
Direct Telephone: (854) 222-6506
Emails: ksaalmann@forthepeople.com;
        Cooper.klaasmeyer@forthepeople.com
*Attorneys for Plaintiffs*

THE MCKAY FIRM, P.A.

*s/Julius W. McKay, II*

Julius W. McKay, II, Fed. ID No. 2674
Jacob A. Biltoft, Fed. ID No. 13787
3700 Forest Dr., Suite 404 (29204)
P. O. Drawer 7217
Columbia, SC   29202
(803) 256-4645
Emails:  jaymckay@mckayfirm.com
         jbiltoft@mckayfirm.com
*Attorneys for Defendant*

CLAWSON AND STAUBES, LLC

*s/Christopher W. Nickles*

Christopher W. Nickles, Esquire
Fed. ID No. 7709
126 Seven Farms Drive, Suite 200
Charleston, South Carolina 29492
Phone:  (843) 577-2026
Direct:  (843) 720-0806
Fax:  (843) 722-2867
Email: chris@cslaw.com
*Attorney for UIM Auto Club South Insurance Company*

June 10, 2025
Columbia, South Carolina